IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:24-cv-06949-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nurse Leslie Wakefield, Head Nurse | ) | |
| Shanna Peeler, Nurse J. Neely, Nurse | ) | |
| Jerney, Nurse Andrea, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report. On November 7, 2025, Defendants filed a motion for summary judgment. ECF No. 25. Plaintiff filed a response in opposition and Defendants filed a reply. ECF Nos. 32, 33. On May 28, 2026, the Magistrate Judge issued a Report recommending that the motion be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections

to the Report,[1] Defendants filed a reply, and Plaintiff filed an unauthorized sur-reply.[2] ECF Nos. 37, 39, 42.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Court notes that Plaintiff's objections are divided into three sections: a cover letter addressed to Magistrate Judge Cherry, a section titled "respond to the defendants report and recommendation," and a section titled "respond to defendants roseboro order and motion to dismiss" that lists another case number. Some of these pages have been refiled in Plaintiff's other case. Accordingly, the Court has considered the first two sections, ECF No. 37 at 1–6, as objections. The Court notes that, even if it considered the entire document, it would not alter the outcome.

[2] Plaintiff's sur-reply is unauthorized. Nevertheless, it has been reviewed and does not affect the outcome of this action. As Plaintiff is a prolific filer, the Court warns him that unauthorized filings will not be considered in the future.

**ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff brings claims against Defendants in their individual capacities pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments.[3] Because Plaintiff filed objections, the Court's review has been de novo.[4]

***Discovery***

The Court begins with a discussion of discovery in this case. As explained in more detail by the Magistrate Judge, Plaintiff has been given an opportunity to conduct discovery in this case. He requested and received an extension of the discovery deadline. Nevertheless, in response to the motion for summary judgment, Plaintiff did not produce any evidence obtained through discovery. While Plaintiff continues to make some

---

[3] The Court notes that Plaintiff briefly mentions retaliation in his cover letter. ECF No. 37 at 1 ("I wrote you few months ago to inform you that deputies even took all my legal work, material, matter, in my civil cases and criminal cases, and legal books and writing material and are using this method as retaliation for filing law suits and for trying to expose one of the biggest conspiracy in history of the torture of Muslim and mental health inmates, terrorism, hate crimes, murder for hire, genocides, and involuntary servitude by occult members posing as law enforcement with law enforcement at the jail."). It does not appear that this claim has been brought previously in this action. Further, Plaintiff's conclusory, unsupported allegations are insufficient to state a plausible claim for relief. Thus, the Court declines to construe a new claim for retaliation.

[4] Plaintiff casts various aspersions on Defendants' attorney(s) and seems to assert that he falsified affidavits and/or other evidence. These types of allegations appear frequently across Plaintiff's cases. The Court notes that Plaintiff has provided no evidence in support of these allegations.

arguments regarding discovery, there is no indication that any information sought would create a genuine issue of material fact.  To the extent any of Plaintiff's objections raise an argument that he has not been able to conduct discovery, those objections are overruled. *See Simon v. Paige,* No. CA 9:13-3025-RMG, 2015 WL 1145781, at *3 (D.S.C. Mar. 13, 2015) (finding Rule 56(d) relief not warranted where plaintiff did not seek any discovery until after the discovery deadline), *aff'd*, 610 F. App'x 269 (4th Cir. 2015).  The Court now proceeds to a discussion of the merits of this action.[5]

### Fourth and Fifth Amendment Claims

As explained in more detail by the Magistrate Judge, Plaintiff states that he is bringing Fourth and Fifth Amendment claims but he has not alleged any specific claims or facts related to these amendments.  Plaintiff has not objected to this categorization of his claims.  Upon de novo review, the Court agrees that Plaintiff has not brought claims

---

[5] Plaintiff makes general allegations that evidence was taken from his dorm by Deputy Herton.  Deputy Herton is not a party to this action.  To the extent Plaintiff intends this as an argument for why he has produced no evidence, the Court finds that it is deficient.  He has not identified what type of evidence was taken or that it was related to this action.  At this procedural posture, these conclusory allegations without more are insufficient to preclude a finding of summary judgment.  To the extent Plaintiff alleges a claim that he has been denied access to courts, that claim fails.  To succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access"). Here, Plaintiff does not identify what documents were thrown away or whether they were related to this case.  Thus, there is no indication that Plaintiff has suffered a specific injury.

under these constitutional amendments.  Accordingly, to the extent necessary, summary judgment is granted as to these claims.[6]

***Eighth and Fourteenth Amendment Claims***

Plaintiff brings claims for deliberate indifference to serious medical needs pursuant to the Eighth and Fourteenth Amendments.  Because Plaintiff is a pretrial detainee, his claims are analyzed pursuant to the Fourteenth Amendment.

Plaintiff alleges deliberate indifference to serious medical needs claims based upon denial of dental care and medical care.  The Magistrate Judge determined that Plaintiff failed to establish any element of a Fourteenth Amendment deliberate indifference claim.  In his objections, Plaintiff states that he was denied adequate medical care because his tooth has not been pulled and that he was infected with MRSA due to Defendants' negligence.  ECF No. 37 at 4–5.

To establish a claim for deliberate indifference to these medical needs as a pretrial detainee, a plaintiff must show that (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) Defendants knew or should have known (a) that he had that condition and (b) that Defendants' action or inaction posed an unjustifiably high risk of harm; and (4) as a result, Plaintiff was harmed.  *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (citations

---

[6] The Court notes here, as it has in some of Plaintiff's other cases, that many of Plaintiff's allegations are frivolous.  *See, e.g.*, ECF No. 37 at 1 ("under terrorist attack and AI threat"), 4 ("Plaintiff feels that the courts are helping the defendants by given them time to try new mind torturing tactics").

omitted).   Thus, a pretrial detainee may "state [a] Fourteenth Amendment claim[] for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'"  *Id.* (quoting *Kingsley*, 576 U.S. at 398).

With respect to Plaintiff's claims related to dental care, the evidence in the record demonstrates that Plaintiff was evaluated for complaints of tooth pain.  Defendant Peeler avers that she reviewed Plaintiff's medical records showing that Defendant Neely observed a potential dental abscess and prescribed antibiotics.  ECF No. 25-2 ¶¶ 8, 14. She reports that the antibiotics resolved the abscess within a few days.  *Id.* ¶ 14.  Plaintiff disagrees with the care he has been provided but he has provided no evidence that his tooth required pulling as the only constitutionally acceptable form of treatment.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion). *See also Frith v. Smith*, No. 7:22-cv-00389, 2024 WL 4353096, at *6 (W.D. Va. Sept. 30, 2024) ("A prisoner is entitled to reasonable care, not to the treatment of his choice and not to the doctor or specialist of his choice."), *reconsideration denied*, 2025 WL 952250 (W.D. Va. Mar. 28, 2025).

Turning to Plaintiff's claims regarding MRSA, Defendant Peeler avers that the medical records show that he complained of potential skin infection, he was prescribed antibiotics, and the infection resolved.  ECF No. 25-2 ¶ 15.  Again, Plaintiff clearly

6

disagrees with this course of treatment but has provided no evidence in support of his assertions.

Accordingly, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to establish: a serious medical condition, that Defendants failed to act appropriately, that Defendants knew or should have known of any condition and the unjustifiably high risk of harm it posed, or that he was harmed. Thus, summary judgment is granted as to these claims.[7]

### Qualified Immunity

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity for claims for damages against them in their individual capacities. As the Court has found that Plaintiff failed to establish a genuine issue of material fact with respect to any constitutional violations, the Court agrees that Defendants are entitled to qualified immunity for claims for damages made against them in their individual capacities. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

### CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with and adopts the recommendations of the Magistrate Judge. Defendants' motion for summary judgment [25] is **GRANTED**. This action is closed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.

---

[7] To the extent any claim was addressed by the Magistrate Judge and not specifically addressed herein, *see* ECF No. 34 at 2 n.2–3, the Court adopts the Magistrate Judge's well-reasoned analysis.

7

United States District Judge

July 31, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.